**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ——————————————————— x | |
| MARCY GILLMAN HARRIS; an individual; on behalf of herself and all others similarly situated, | CASE NO.: |
| Plaintiffs, | |
| vs. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| MIDLAND CREDIT MANAGEMENT, INC., a Kansas Corporation; MIDLAND FUNDING, LLC, a Delaware Limited Liability Company; and, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |
| ——————————————————— x | |

## I.  PRELIMINARY STATEMENT

1.      Plaintiff, MARCY GILLMAN HARRIS ("Plaintiff" or "HARRIS"), on behalf of herself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendants MIDLAND CREDIT MANAGEMENT, INC. ("MCM") and MIDLAND FUNDING, LLC ("MIDLAND FUNDING") (collectively referred to hereinafter as "Defendants") who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and others.

2.      The Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken the failure by debt collectors, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

6.     To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(1)-(8). Among these *per se* violations prohibited by that section are: the collection of any amount (including any interest, fee, charge, or expense

incidental to the principal obligation) unless such amount is expressly permitted by law, 15 U.S.C. § 1692f(1).

7.      To eliminate abusive debt collection practices, the FDCPA, at 15 U.S.C. § 1692g(a) sets forth requirements for written notice to a consumer including the amount of the debt, 15 U.S.C. § 1692g(a)(1).

8.      The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FCDPA and all other common law or statutory regimes. The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendants.

## II.  PARTIES

9.      HARRIS is a natural person.

10.      At all times relevant to this complaint, HARRIS resided in the City of New York, Bronx County, New York.

11.      At all times relevant to this complaint, MCM is a for-profit corporation existing pursuant to the laws of the State of Kansas. MCM maintains its principal business address at 3111 Camino Del Rio North, Suite 1300, City of San Diego, San Diego County, California.

12.      At all times relevant to this complaint, MIDLAND FUNDING is a for-profit limited liability company existing pursuant to the laws of the State of Delaware. MIDLAND FUNDING maintains its principal business address at 3111 Camino Del Rio North, Suite 1300, City of San Diego, San Diego County, California.

13.      On information and belief, MCM and MIDLAND FUNDING are subsidiaries of Encore Capital Group, Inc., a publicly traded company, whose principal place of business is also

located at 3111 Camino Del Rio North, Suite 1300, City of San Diego, San Diego County, California.

14.     Plaintiff is informed and believes and, on that basis alleges, that MIDLAND FUNDING and MCM share, *inter alia*, common ownership, equipment, employees, and other resources.

15.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

16.     The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, oversaw, and engaged in the illegal policies and procedures used by employees of MCM and MIDLAND FUNDING that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by MCM and MIDLAND FUNDING and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III.  JURISDICTION & VENUE

17.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

18.     Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

19.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this

federal judicial district, and because each of the Defendants are subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV.  FACTS CONCERNING PLAINTIFF

20.      Sometime prior to June 25, 2012, Plaintiff allegedly incurred a financial obligation to Chase Bank USA, N.A. ("Chase Obligation").

21.      The Chase Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22.      Defendants contend that the Chase Obligation is in default.

23.      The alleged Chase Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24.      Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

25.      Plaintiff is informed and believes, and on that basis alleges, that sometime prior to June 25, 2012, the creditor of the Chase Obligation either directly or through intermediate transactions sold the debt to MIDLAND FUNDING for collection.

26.      MIDLAND FUNDING is a purchaser of non-performing consumer debts, which are in default at the time those debts are acquired.

27.      According to its website, MIDLAND FUNDING is one of the nation's biggest buyers of unpaid consumer debt. MIDLAND FUNDING further states on its website that it purchases accounts with an unpaid balance where consumers have gone at least 180 days without making a payment, or paid less than the minimum monthly payment.

28.      MIDLAND FUNDING collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

29.     In connection with its debt collection operations MIDLAND FUNDING outsources its collection activities to affiliate, MCM, to shield itself from greater liability exposure under various federal and state consumer protection laws, such as the FDCPA.

30.     MIDLAND FUNDING is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31.     Plaintiff is informed and believes, and on that basis alleges, that sometime on or near June 25, 2012, MIDLAND FUNDING either directly or through intermediate transactions assigned, placed, or transferred the Chase Obligation to MCM for collection.

32.     MCM collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

33.     MCM is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

34.     On or about June 25, 2012, MCM mailed an initial collection letter, which is dated June 25, 2012, and which Plaintiff received in the ordinary course of mail. ("6/25/2012 Letter"). A true and correct copy of the 6/25/2012 Letter is attached hereto as ***Exhibit A***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

35.     The 6/25/2012 Letter was sent, or caused to be sent, by persons employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36.     The 6/25/2012 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

37.     The 6/25/2012 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

38.     On information and belief, the 6/25/2012 Letter is a computer-generated form letter that is prepared by the Defendants and sent to consumers, such as Plaintiff, from whom

they were attempting to collect a debt.

39.    The 6/25/2012 Letter consists of three pages

40.    On Page One of the 6/25/2012 Letter, in the top right-hand corner, it states, *inter alia*, "Current Balance $5,515.48."

41.    Page One of the 6/25/2012 Letter includes, *inter alia*, the following additional statements:

(a)    Captions the letter as a "**NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW**" (Emphasis in original);

(b)    Defendants threaten that they are "considering forwarding [the Chase Obligation] to an attorney....for possible litigation;"

(c)    Defendants instruct the consumer to immediately contact the Defendants to "discuss your options" upon receiving the letter;

(d)    Defendants advise that a benefit of paying would be that "No additional interest will be charged to your account"; and

(e)    Defendants advise that the only way to stop the process of forwarding the Chase Obligation to an attorney for "litigation" is to: (1) "Mail in $750.00 to set up [Plaintiff's] remaining payments; and (2) Call Defendants "today to see how you qualify for discounts and payment plans."

42.    Page Two of the 6/25/2012 Letter includes, *inter alia*, the following additional statements:

(a)    An advisement that the Chase Obligation is in "default;"

(b)    An advisement stating that "As of [June 25, 2013], you owe $5,515.48;" and

(c)    A further advisement that, "Because of interest, late charges, and other

charges that may vary from day to day, the amount due on the day you pay may be greater....To obtain an exact payoff amount, or for further information, please call one of our Account Managers at (800) 285-8825."

43.    Page Three of the 6/25/2012 Letter includes, *inter alia*, the following additional statements:

(a)    "MCM Account #: 854933XXXX - Previous Balance: $5,115.48";

(b)    "Original Account #: 418586801167XXXX – Accrued Interest: $0.00;" and

(c)    "Current Balance: $5,515.48".

44.    On information and belief, contrary to statements contained on Page Two of the 6/25/2012 Letter, at no time do the Defendants add "interest" to consumer debts, which are similar to the Chase Obligation, and which it seeks to collect.

45.    On information and belief, contrary to statements contained on Page Two of the 6/25/2012 Letter, at no time do the Defendants add "late charges" to consumer debts, which are similar to the Chase Obligation, and which it seeks to collect.

46.    On information and belief, contrary to statements contained on Page Two of the 6/25/2012 Letter, at no time do the Defendants add "other charges" to consumer debts, which are similar to the Chase Obligation, and which it seeks to collect.

47.    On information and belief, The Defendants are not legally or contractually permitted to add any "late charges" to the amount of the alleged debt it seeks to collect from consumers.

48.    On information and belief, the Defendants are not legally or contractually permitted to add any "other charges" to the amount of the alleged debt it seeks to collect from consumers.

49.     On information and belief, Defendants will send subsequent collection letters to consumers offering substantial discounts off the amount sought in their initial collection letters in the event consumers do not remit payment in response to Defendants' initial collection letter.

50.     Defendants' statements on Page One of the 6/25/2012 Letter are materially false, deceptive, and misleading in that, *inter alia*, they falsely state that the only way to stop the process of forwarding the Chase Obligation to an attorney for "litigation" is to: (1) "Mail in $750.00 to set up [Plaintiff's] remaining payments;" and (2) Call Defendants "today to see how you qualify for discounts and payment plans."

51.     Defendants' statements on Page Two of the 6/25/2012 Letter are materially false, deceptive, and misleading in that, *inter alia*, they falsely suggest to consumers that the amount of their respective debts will increase <u>daily</u> due to an undisclosed amount of "interest, late charges, and other charges" that "vary from day to day."

52.     Defendants' statements on Page Two of the 6/25/2012 Letter are materially false, deceptive, and misleading in that, *inter alia*, they state the consumer will, as a consequence, owe an additional undisclosed sum of money after payment is tendered to Defendants.

53.     Defendants' statements on Page Three of the 6/25/2012 Letter are materially false, deceptive, and misleading in that, *inter alia*, they falsely suggest to consumers that there is "$0.00" in "accrued interest" Defendants are attempting to collect.

54.     The 6/25/2012 Letter collection caused Plaintiff uncertainty and forced her to guess how much money she allegedly owed Defendants, how much money would accrue daily on her alleged debt, how much additional money she would owe if she paid the amount demanded in the 6/25/2012 Letter, and if/when Defendants' collection efforts would actually stop if she remitted the entire payment demanded.

55.     The 6/25/2012 Letter would cause the least sophisticated consumer uncertainty and force him/her to guess how much money s/he allegedly owed Defendants, how much money would accrue daily on his/her alleged debt, how much additional money s/he would owe if they paid the amount demanded in the 6/25/2012 Letter, and if/when Defendants' collection efforts would actually stop if s/he remitted the entire payment demanded.

56.     Defendants intended that their materially false statements contained in the 6/25/2012 Letter cause Plaintiff and other consumers confusion about the exact amount of money allegedly owed.

57.     Defendants intended that their materially false and deceptive statements contained in the 6/25/2012 Letter cause Plaintiff and other consumers to incorrectly believe they would benefit financially by immediately sending payment for the amount demanded in Defendants' initial collection rather than waiting to make such payment.

58.     Defendants intended that their materially false and deceptive statements contained in the 6/25/2012 Letter cause Plaintiff and other consumers to incorrectly believe they would benefit by not having litigation filed if they immediately sent payment for the amount demanded in Defendants' initial collection rather than waiting to make such payment.

## V.  POLICIES AND PRACTICES COMPLAINED OF

59.     It is Defendants' policy and practice to send initial written collection communications, in the form attached as ***Exhibit A***, that violate the FDCPA by, *inter alia*:

(a)     Using false, deceptive, or misleading representations regarding the character, amount, or legal status of alleged debt;

(b)     Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c)     Failing to accurately state the amount of the alleged debt; and

(d)      Seeking to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that are not expressly authorized by the agreement creating the debt or permitted by law.

60.      On information and belief, Defendants sent a written communication, in the form attached as ***Exhibit A***, to at least 50 natural persons in the State of New York.

## VI.  CLASS ALLEGATIONS

61.      This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

62.      With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all natural persons in the State of New York (b) to whom Defendants sent a written communication in the form attached as ***Exhibit A*** (c) that was not returned as undeliverable (d) in connection with Defendants' attempt to collect a debt described as a Chase Bank USA, N.A. account purchased by Midland Funding, LLC (e) which written communications violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

63.      The identities of all class members are readily ascertainable from the records of Defendants, Encore Capital Group, Inc., and Chase Bank USA, N.A.

64.      Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

65.      There are questions of law and fact common to the Second Plaintiff Class, which common issues predominate over any issues involving only individual class members. The

principal issues are whether the Defendants' written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1).

66.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

67.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

68.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' written communications, in the form attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1).

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

69.     Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, which collect debts throughout the United States of America.

70.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendants' letter, which is attached hereto as ***Exhibit A***, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1) or 1692g(a)(1), is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

71.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the

Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

72. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the class definition and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

73. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

74. Defendants violated the FDCPA. Defendants' violations with respect to their written communications, in the form attached as ***Exhibit A***, include, but are not limited to, the following:

(a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b) Making false, deceptive, and misleading representations regarding the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

(c) Making false threats to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

(d) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(e) Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f;

-14-

(f)     Seeking to collect amounts (including any interest, fee, charge, or expense incidental to the principal obligation) that are not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1); and

(g)     Failing to properly disclose the amount due in violation of 15 U.S.C. § 1692g(a)(1).

## IX.  PRAYER FOR RELIEF

75.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Class as follows:

A.     **For the FIRST CAUSE OF ACTION**:

(i)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing HARRIS and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii)    An award of the maximum statutory damages for HARRIS and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii)   For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants' written collection communications, in the form attached hereto as ***Exhibit A***, violates the FDCPA;

(iv)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v)     For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:      Fresh Meadows, New York
            May 7, 2013

                              _____
                              Abraham Kleinman, Esq. (AK-6300)
                              KLEINMAN LLC
                              626 RXR Plaza
                              Uniondale, NY  11556
                              Telephone: (516) 522-2621
                              Facsimile:  (888) 522-1692
                              E-Mail:  akleinman@kleinmanllc.com

                              William F. Horn, Esq. (WH-1070)
                              LAW OFFICE OF WILLIAM F. HORN
                              188-01B 71st Crescent
                              Fresh Meadows, NY 11365
                              Telephone: (718) 785-0543
                              Facsimile:  (866) 596-9003
                              Email: bill@wfhlegal.com

                              *Attorneys for Plaintiff, Marcy Gillman Harris,
                              and all others similarly situated*

# EXHIBIT "A"

Return Mail Only / No Correspondence
**mcm** Dept. 12421
PO Box 603
Oaks, PA 19456

| MCM Account Number | |
|---|---|
| | 854933█ |
| **Original Creditor** | |
| | CHASE BANK USA, N.A. |
| **CURRENT BALANCE** | |
| | $5,515.48 |
| **PAYMENT DUE DATE** | |
| | 08-09-2012 |

06-25-2012

18824 - 5275

*BWNHLTH
*0000 0654 9336
MARCY GILLMAN HARRIS
3975 SEDGWICK AVE APT 3C
BRONX, NY 10463-3146

---

# NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW

Dear MARCY GILLMAN HARRIS,
Midland Funding LLC recently purchased your CHASE BANK USA, N.A. account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of this obligation.

Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the time period described on the back of the letter. Upon receipt of this notice, please call to discuss your options.

If we don't hear from you or receive payment by 08-09-2012, we may proceed with forwarding this account to an attorney.

**What do you need to do to stop this process from continuing?**

1) Mail in $750.00 and call to set up your remaining payments.
2) Call us today to see how to qualify for discounts and payment plans.

**LET US HELP YOU!** If the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us. We encourage you to call us today: (800) 265-8825.

Sincerely,

Hector Torres, Division Manager
**(800) 265-8825**
**For ease and convenience, make payments online and view additional offers at: www.midlandcreditonline.com**

### BENEFITS OF PAYING!

➤ This may be your last chance to work with us before the account goes to an attorney.

➤ No additional interest will be charged to your account.

➤ Get rid of this debt and get on with your life.

*Once your account is paid,*

➤ All collection calls and letters on this account will stop!

➤ We will notify the credit bureaus the debt is PAID IN FULL.*

**CALL US TODAY!**
**(800) 265-8825**

Hours of Operation:
M-Th 6am - 7:30pm
Fri 6am - 5pm;
Sat 6am - 11am Mountain Time

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

*Please tear off and return lower portion with payment in the envelope provided*

---

## PAYMENT COUPON

MCM Account No.:    854933█
Original Account No.: 418586801187█
Current Balance:    $5,515.48

**Payment Due Date: 08-09-2012**

Amount Enclosed: _____

Make check payable to:
Midland Credit Management, Inc.

**mcm** Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

12 854933█        0551548 08█

18824 - LT1W - 1084

Important Disclosure Information

> Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

The records associated with the purchase from **CHASE BANK USA, N.A.** reflect that you are obligated on this account, which is in default. As of the date of this letter, you owe $5,515.48. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. To obtain an exact payoff amount, or for further information, please call one of our Account Managers at (800) 265-8825. As the owner of this account, but subject to the rights described below, Midland Funding LLC is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.

If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.

Communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, are to be sent to 8875 Aero Drive, Suite 200, San Diego, CA 92123; Attn: Consumer Support Services.

If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within 30 days after receiving this notice, you still have the remainder of the 30 days to exercise the rights described above.

*You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

-----------------------------------

Please send any correspondence relating to any credit reporting* of this account to:
MCM CREDIT REPORTING DEPARTMENT, 8875 Aero Drive, Suite 200, San Diego, CA 92123.
PLEASE RETAIN THIS ADDRESS FOR ANY ISSUES RELATING SOLELY TO THE CREDIT
REPORTING OF YOUR ACCOUNT.

New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728.

MAIL PAYMENTS TO: P.O. Box 60578, Los Angeles, CA 90060-0578

MAIL CORRESPONDENCE BUT NO PAYMENTS TO: MCM's business address at 8875 Aero Drive, Suite 200, San Diego, CA 92123

Return This Portion With Correspondence

**mcm**
Dept. 12421
PO Box 603
Oaks, PA 19456

#BWNHLTH
#0000 0854 93█
MARCY GILLMAN HARRIS
3975 SEDGWICK AVE APT 3C
BRONX, NY 10463-3146

| STATEMENT | | | |
|---|---|---|---|
| MCM Account #: 85493█ | | Previous Balance: $5,515.48 | |
| Original Account #: 41858680116█ | | Interest Rate: 0% | |
| Statement Date: 06-25-2012 | Due Date: 08-09-2012 | Accrued Interest: $0.00 | |
| Current Owner: Midland Funding LLC | Original Creditor: CHASE BANK USA, N.A. | Current Balance: $5,515.48 | |

| Due Date | Date Received | Transactions | Amount |
|---|---|---|---|
| 08-09-2012 | 06-25-2012 | The above-referenced account was purchased by Midland Funding LLC and is serviced by Midland Credit Management, Inc.("MCM").  The balance of $5,515.48 is due by 08-09-2012. | $5,515.48 |
| | | Please direct all correspondence to: Midland Credit Management, Inc. 8875 Aero Drive, Suite 200 San Diego, CA 92123 | |
| | | | Current Balance: $5,515.48 |

**Please understand this is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.**

18824 - LT1W - 1055